Crew, J.
The above cases were submitted and may be disposed of together, the questions involved and the alleged errors assigned being the same in each. The errors relied upon are: I. The insufficiency of the indictment. 2. That the fine imposed was excessive and illegal. 3. That the sentence pronounced by the court was incomplete, unauthorized and erroneous. We shall briefly consider these several assignments in the order mentioned. 1. Is the indictment sufficient? It is claimed that the indictment is fatally defective in that it contains no averment which takes the defendant, or the offense charged, out of the operation of the exception or proviso found in, *79 Section 4364-25, Revised Statutes, under which section the indictment in each of the above cases was found and presented. Said Section 4364-25, so far as its provisions are pertinent to the present inquiry, reads as follows: “It shall be unlawful for any person within the limits of such township and without the limits of such municipal corporation to sell, furnish or give away any intoxicating liquors to be used as a beverage,' or to keep' a place where such liquors are kept for sale, given away or furnished; and whoever sells, furnishes or gives away any intoxicating liquors as a beverage, or keeps a place where such liquors are kept for sale, given away or furnished, shall be fined not more than five hundred dollars, nor less than fifty dollars, and imprisoned in the county jail not exceeding six months; but nothing in this section shall be construed so as to prevent the manufacture and sale of cider, or sale of wine manufactured from the pure juice of the grape, cultivated in this state, nor to prevent [a] legally registered druggist from selling or furnishing pure wines or liquors for exclusively known medicinal, art, scientific, mechanical, or, sacramental purposes; but this provision shall not be construed to authorize the keeping of a place where wine, cider or other intoxicating liquors are sold, kept for sale, furnished or' given away as a beverage.” This statute it will be seen creates and defines two separate and distinct offenses, one “the selling, furnishing or giving away of intoxicating liquors to be used as a beverage,” the other, “the keeping of a place where such liquors are kept for sale, given away or furnished.” *80 The latter is the offense charged against the defendant in each of the above cases, the averment in the indictment being that defendant, between the dates therein named, “knowingly and unlawfully did keep a place where intoxicating liquors to-wit: brandy, whiskey, gin, ale, beer and wine, were then and there, during all of said time, kept for sale as a beverage.” It is manifest we think from the plain terms of the statute itself that the exception or proviso contained therein, can and does, relate and apply only to the sale or furnishing of intoxicating liquors, and not to the keeping of a place. And, that it was the legislative intent that said proviso should be thus limited, and that such should be its sole office and effect, is made perfectly plain we think by the language which immediately follows said proviso, namely: “but this provision shall not be construed to authorize the keeping of a place where wine., cider or other intoxicating liquors are sold, kept for sale, furnished or given away as a beverage.” Thus while under and within certain conditions named in the statute, the selling or furnishing is neither prohibited nor unlawful, yet under no circumstance or condition is the keeping of a place where intoxicating liquors are kept for sale as a beverage, allowed or permitted by said statute. The sole purpose and effect of such proviso is to except and exempt certain specified acts and designated persons, from the operation of the general prohibitory words of the statute against selling or furnishing. Hence it follows that said exception or proviso constitutes no part of the description of the offense charged against the *81 accused in the above cases, and therefore it was neither necessary nor proper that the indictment should contain the negative averments of the statute. 2. Was the fine imposed excessive or illegal? It would seem to be conceded, that if plaintiffs in error were rightfully sentenced under Section 4364-25, Revised Statutes, — the section under which they were indicted, and which itself provides and prescribes the punishment, by way of fine, that may be imposed for a violation of its provisions, — that then said fine is not excessive or illegal. But it is the contention of counsel for plaintiffs in error that the provision of Section 6942, Revised Statutes, that: “A keeper of a place where intoxicating liquors are sold in violation of law shall be fined not more than one hundred nor less than fifty dollars,” etc., supersedes, and by implication repeals, the penalty clause of Section 4364-25, and’ that the only authority that now exists to punish a defendant convicted of violating the provisions of Section 4364-25, must be found in said Section 6942, which latter section provides as follows: “A keeper of a place where intoxicating liquors are sold in violation of law shall be fined not more than one hundred nor less than fifty dollars, or imprisoned not more than thirty nor less than ten days, or both; and upon conviction of such keeper, the place where such liquor is sold shall be deemed to be a common nuisance, and the court shall order him to shut up and abate the same unless he make it appear to the court that he does not then sell liquor therein in violation of law, or gives bond, payable to the state of Ohio, *82 in the sum of one thousand dollars, with sureties to the acceptance of the court, that he will not sell liquor therein in violation of law, and will pay-all fines, costs and damages assessed against him for violation of the laws relating to the sale of intoxicating liquor; and the giving away of intoxicating liquor, or other shift or device to evade the provisions of this section, shall be deemed and held to be unlawful selling.” It is perfectly obvious from the language of the above statute taken as a whole, that the penalty therein prescribed is wholly inapplicable and unappropriate to the-offenses defined in Section 4364-25. Section 6942. contemplates and provides, that upon the giving of a bond the place where the intoxicating liquors are sold may thereafter be maintained and kept open and sales may be made therefrom, for beverage purposes, according to law; while under Section 4364-25, all sales of such liquors, for such -purpose within the prohibited territory are made illegal, and the keeping of a place where such liquors are so kept for sale is absolutely prohibited and forbidden. The offenses defined in the two sections are not the same offenses, nor are the provisions of said sections conflicting or inconsistent. But further, the fallacy of the claim made by counsel for plaintiffs in error becomes at once apparent when we consider, that above Section 6942, although subsequent in position and numerical order to Section 4364-25, was in fact passed and took effect substantially in its present form containing every condition and provision it now contains, more than eight years prior to the enactment of Section 4364-25. (Revised Statutes *83 1880, page 1644.) It could not therefore operate to suspend or repeal the provisions of a statute not in existence at the time of its enactment. The only chang'e made in Section 6942, by the amendment of March 5, 1896 (92 O. L., 55), was merely to omit therefrom certain provisions found in the original section, that had become inoperative by reason of the repeal of the' statute making it unlawful to sell intoxicating liquors to be drank where sold. It is a well settled rule of statutory construction that in the amendment or revision of statutes, that the mere change of phraseology, or the mere omission of words which are deemed redundant, does not indicate a legislative intent to change the pre-existing law. It follows that the plaintiffs in error were properly punished under the provisions of Section 4364-25, and the fine assessed against each being within the limits of the amount permitted by said section, and much less than the maximum fine thereby authorized, this court cannot say that such fine was either excessive or illegal. 3. Was the sentence imposed by the trial court unauthorized and erroneous ? The view urged in argument by counsel for plaintiffs in error is, that said sentence was unauthorized, and is illegal and erroneous, for the reason that the court was without right or authority to add to the sentence of imprisonment in the workhouse the words, “and there to be kept at hard labor,” and it is claimed that the addition of these words vitiates the entire sentence. We think a sufficient answer to this is, that hard labor is the imperative rule of the workhouse made so by statute, — Section i536-37°> *84 Revised Statutes, — and that a sentence to imprisonment in that institution is necessarily a sentence to imprisonment at hard labor, whether it be, or be not, so designated and expressed in the sentence itself. The addition of the words “at hard labor” does not aggravate or increase the punishment authorized by the statute, and it can hardly be said to be prejudicial error, merely to repeat in the sentence that which the law itself has irrevocably fixed and determined. It is however further contended that said sentence is incomplete and erroneous, in that the defendant is thereby adjudged to pay a fine of $150 and the costs of prosecution and “to stand committed to the workhouse at Columbus, Ohio, until said fine and costs are paid,” without adding thereto the further words of the statute, “or until he be discharged therefrom by allowing a credit of sixty cents per day on such fine and costs for each day of confinement in such workhouse, or be otherwise legally discharged.” That it was error on the part of the court to omit from the sentence the words of the statute last above quoted, must we think be conceded in view of the positive requirement of Section 7319, Revised Statutes, that in pronouncing judgment against a defendant who has been convicted of a criminal offense, “the court shall pronounce the judgment provided by law.” Dillon v. State, 38 Ohio St., 586. The statute under which a workhouse sentence was imposed in the above cases, Section 6801b, Revised Statutes, does not authorize or permit imprisonment in said workhouse until such time as the fine and costs of prosecution shall be actually paid *85 by the person committed, but the judgment or sentence provided by law is, that the court may, in its discretion, order the person convicted, to stand committed to the workhouse until the fine and costs of prosecution are either paid, “or until he be discharged therefrom by allowing a credit of sixty cents per day on such fine and costs for each day of confinement in such workhouse, or be otherwise legally discharged.” The conditions of release being thus clearly expressed in the statute, they become and are a necessary part of every proper sentence imposed thereunder, and while their omission will not necessarily render the sentence wholly void if any part of the punishment imposed is authorized by law, it nevertheless makes such sentence incomplete and erroneous. But it may be said that such error is not prejudicial and that a court if called upon to construe such a sentence can read into it the words of the statute omitted therefrom and thus preserve to a defendant all of his rights. The answer to this is, that a sentence of imprisonment in a criminal case, to be a valid sentence, must in and of itself be definite and complete in all its material terms, and so certain and accurate as to the time of its commencement and proper termination, as that it shall not be necessary for either the prisoner, or the officers charged with its execution to apply to a court to ascertain its meaning. Picket v. State, 22 Ohio St., 405. In other words, to borrow the language of Norris, J., In re Moore, 14 C. C. R., 244, “a man who is compelled to have a law suit to get into jail, ought not, by reason of the uncertainty of his sentence, be com *86 pelled to have another law suit to get out.” The materiality and prejudicial effect of the omission from the sentence in the present cases of the statutory conditions of release, becomes apparent, when we consider that under a proper sentence, defendant would be entitled, in discharge of the fine and costs adjudged against him to a credit of sixty cents per day for each day he is confined in said workhouse, while under the sentence as imposed he must, according to its express terms, either pay or remain in prison. A sentence such as the one imposed in the above cases, if enforced according to its terms, might mean to defendant imprisonment for life, inasmuch as a person committed to the workhouse, in default of the payment of fine and costs, may no longer be released or discharged therefrom under the laws providing for the relief of insolvent debtors. Section 1536-370, Revised Statutes. We are of opinion that the sentence of imprisonment pronounced by the court in the above cases is not the one provided and required by law, in that, it does not include therein all the conditions of release prescribed by the statute; such sentence is therefore unauthorized and erroneous and should be reversed. It appearing from the record ' herein that said sentences have not yet been executed, by reason of their suspension pending these proceedings, in error, the cases will each be remanded to the court of common pleas of Fairfield county for resentence according to law.
Motion for leave to file petition in error allovoed and judgments of the circuit court and of the court .of common pleas reversed as to the sentence, and *87 cases remanded to the court of common pleas for resentence.
Shauck, C. J., Price, Summers, Spear and Davis, JJ., concur.